NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN ALLAN CURTIS, | : | Civil No. 03-1955 (SRC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    JOHN ALLAN CURTIS, #872211/280101
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner pro se

    MARK P. STALFORD, Assistant Prosecutor
    MONMOUTH COUNTY PROSECUTOR
    Monmouth County Courthouse
    Freehold, New Jersey  07728-1789

**CHESLER**, District Judge

    John Allan Curtis filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction filed in the Superior Court of New Jersey, Law Division, Monmouth County, on April 4, 1996.  Respondents filed an Answer, arguing, inter alia, that the Petition is untimely and that the claims presented are in any event without merit.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on April 4, 1996, in the Superior Court of New Jersey, Law Division, Monmouth County, after he waived the right to counsel and a jury found him guilty of third degree conspiracy, 17 counts of third degree burglary, and 33 counts of third degree theft.  After merging the conspiracy count, the Law Division sentenced Petitioner to an aggregate term of 40 years imprisonment, with a 20-year period of parole ineligibility.  Petitioner appealed and in an opinion filed November 30, 1998, the Appellate Division of the Superior Court of New Jersey affirmed.  The Supreme Court of New Jersey denied certification on March 16, 1999.  State v. Curtis, 160 N.J. 89 (1999) (table).

On May 26, 1999, Petitioner executed a petition for post-conviction relief which he filed in the Law Division.  The law Division denied relief on April 14, 2000.  Petitioner appealed and in an opinion filed March 28, 2002, the Appellate Division affirmed the order denying post-conviction relief in part, reversed in part, and remanded for further development of Petitioner's claim that he was in prison when several of the burglary and theft by unlawful taking offenses occurred.  Petitioner filed a petition for certification of the Appellate Division decision of March 28, 2002, which affirmed denial of post-conviction relief.  The Supreme Court of New Jersey denied certification on July 16, 2002.  State v. Curtis, 174 N.J. 192 (2002) (table).

Petitioner filed a motion in the Law Division to dismiss counts 62 and 131 of the indictment and on February 21, 2003, the Law Division granted the motion.  The Law Division filed an amended judgment of conviction on May 5, 2003, re-sentencing Petitioner to an aggregate 40-year term, with an 20-year period of parole ineligibility.

Petitioner executed the § 2254 Petition which is now before this Court on April 23, 2003. The Clerk received it on April 30, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents four grounds, which are set forth verbatim:

> Ground One:  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
>
> Ground Two:  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> Ground Three:  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
> Ground Four:  Denial of effective assistance of counsel.

(Pet. ¶ 12.)

The State filed an Answer opposing the Petition, arguing that the Petition is untimely and none of the grounds satisfy the standard for habeas corpus relief. Petitioner filed a Traverse.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate
(continued...)

federal constitutional claim.² "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"³ in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

---

¹(...continued)
counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

² See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

³ "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

6

### III.  DISCUSSION

A.  Statute of Limitations

Respondents argue that the Petition is untimely.  On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Respondents contend that Petitioner's conviction became final and the statute of limitations began to run when the Supreme Court of New Jersey denied certification on direct review on March 16, 1999.  However, the conviction did not become final until the time to file a petition for certiorari in the United States Supreme Court expired on June 14, 1999.  See Merritt v. Blaine, 326 F.3d 157, 161

(3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Respondents acknowledge that the limitations period was statutorily tolled but they maintain that the tolling began on June 1, 1999. However, because Petitioner handed his petition for post-conviction relief to prison officials for mailing to the in the Law Division on May 26, 1999, before the limitations period began to run, the limitations period was statutorily tolled from June 14, 1999, until the Supreme Court of New Jersey denied Petitioner's petition for certification by order filed July 16, 2002. Petitioner had one year, or until July 16, 2003, to hand his habeas petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Petitioner executed the Petition on April 23, 2003, and presumably handed it to prison officials for mailing to the Clerk on that date, and the Clerk received it on April 30, 2003. Because the Petition was filed before the statute of limitations expired on July 16, 2003, the Petition is not barred by the one-year statute of limitations.

B.  Fourth Amendment Claims

The Court construes Grounds One and Two as presenting claims for violation of the Fourth Amendment, applicable to states through the Fourteenth Amendment.  The grounds are set forth below:

> Ground One:  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
>
> Supporting Facts:  Warrant for the tracking device on the car I was arrested in was expired.  I never received copies of the warrants for seizure of three pairs of my sneakers or items taken from my apartment.
>
> Ground Two:  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> Burglar tool charge, on December 1, 1993, in Marlboro Township, Monmouth County, New Jersey, was dismissed in Marlboro Municipal Court as not being a burglar tool (to wit a screwdriver) in January of 1994.  Then the same screwdriver was presented to a Monmouth County Grand Jury in March of 1994 as a burglar tool.

(Pet. ¶ 12.A., 12.B.)

Fourth Amendment claims are not cognizable on habeas review unless the state courts denied petitioner opportunity for a full and fair litigation of the claims.  "[A] federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review.  Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been both such a showing and a Fourth Amendment violation." Stone v. Powell, 428 U.S. 465, 495 n.37 (1976); see also Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986) ("an erroneous

9

determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar").

The state court record in this case shows that the Superior Court of New Jersey, Appellate Division analyzed the Fourth Amendment claims and rejected them.

> In his petition for post-conviction relief, defendant asserted that some of the evidence presented by the State at trial was obtained as a result of two unlawful, warrantless searches and seizures. Post-conviction relief counsel recited this point at the post-conviction relief hearing, but did not forcefully press the contention. We discern no professional error in that regard. Defendant did not move to suppress the evidence prior to trial, and thus waived his right to challenge the constitutionality of the searches and seizures . . . . Putting this irregularity aside, current counsel has not moved to supplement the record with facts supporting the thesis that the searches and seizures were constitutionally offensive . . . . Absent some evidence that the searches and seizures were unconstitutional, we have no reason to invoke our original jurisdiction and consider the issue, or to remand the matter to the Law Division for redevelopment and resolution.

State v. Curtis, No. A-5568-99T4 slip op. at 6-7 (March 28, 2002).

This Court finds that Petitioner had a full and fair opportunity to litigate his search and seizure claims and that, under Stone v. Powell, Grounds One and Two are not cognizable in this habeas proceeding.

C.  Prosecutorial Misconduct

Petitioner asserts in Ground Three that the prosecutor failed to disclose the statement of a co-defendant. Specifically, Ground Three is as follows:

> Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

> Supporting Facts: Co-defendant Michael Clebock made a statement either oral or written because on the majority of the counts there was absolutely no probable cause to charge me. Clebock was sentenced to two years probation and a $2,000.00 fine. Myself and my other co-defendant John Howard were sentenced to twenty - forty years with twenty year stipulations. Myself and Mr. Howard informed the court that we did not receive full disclosure in our discoveries because there had to be a statement because of all the lack of probable cause.

(Pet. ¶12.C.)

If an inculpatory statement of co-defendant Clebock was not admitted into evidence at Petitioner's trial, then the statement was not used against Petitioner and did not supply the factual basis for his conviction. The prosecutor has no constitutional duty to disclose inculpatory statements of a co-defendant that are not admitted at trial or used against a defendant.

The prosecution in a criminal proceeding does, however, have a due process obligation to disclose to the defendant its knowledge of material evidence favorable to the defendant, either because it is exculpatory or because it can serve to impeach a key prosecution witness. See Kyles v. Whitley, 514 U.S. 419, 433 (1995); Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1967).[4] Non-disclosure merits habeas relief only if it "undermines confidence in the outcome of the trial." Kyles, 514 U.S. at 434 (quoting Bagley, 473 U.S. at 678).

Whether statement by a co-defendant exists is a factual determination. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the

---

[4] The Supreme Court has described three distinct situations in which a Brady claim arises: "first, where previously undisclosed evidence revealed that the prosecution introduced trial testimony that it knew or should have known was perjured; second, where the Government failed to accede to a defense request for disclosure of some specific kind of exculpatory evidence; and third, where the Government failed to volunteer exculpatory evidence never requested, or requested only in a general way." Kyles, 514 U.S. at 433 (internal citations omitted).

contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

In this case, the Appellate Division observed that Petitioner argued on direct appeal that "the prosecution failed to provide a statement made by a co-defendant although the record does not disclose the existence of such a statement." State v. Curtis, No. A-5674-95T4 slip op at 2 (App. Div. Nov. 30, 1998). The Appellate Division rejected the claim without discussion, presumably because the statement does not exist. Under § 2254(e)(1), this Court must presume the New Jersey court's factual findings to be sound. Petitioner has not rebutted this presumption of correctness by clear and convincing evidence and he has not established that the decision of the New Jersey courts was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See Shabazz v. Artuz, 336 F.3d 154 (2nd Cir. 2003) (holding that habeas petitioner did not present evidence sufficient to rebut presumption of correctness afforded state court factual findings in rejecting Brady claim regarding undisclosed promises of leniency to prosecution witness). Accordingly, Petitioner is not entitled to habeas relief on Ground Three.

D.  Ineffective Assistance of Counsel

In Ground Four, Petitioner challenges the effective assistance of counsel on direct appeal and on post-conviction relief. Petitioner asserts the following in Ground Four:

> Ground Four:  Denial of effective assistance of counsel.

> Supporting Facts: Direct appeal counsel did not amend the errors I made at trial and by not doing so got me procedur[al]ly barred from raising key legal issues on future appeals. Post conviction relief counsel failed to amend my facially defective petition for post conviction relief, was unfamiliar with the record and failed to present valid argument on defendant's behalf.

(Pet. ¶ 12.D.)

The claim regarding the ineffective assistance of counsel on post-conviction relief is not cognizable on habeas review. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396. The ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668, 686 (1984), applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Strickland, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light

13

of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

Given that Petitioner's appellate counsel filed a direct appeal and submitted a merits brief, the alleged ineffectiveness was necessarily based on appellate counsel's failure to raise a particular claim. However, "it is a well established principle that counsel decides which issues to pursue on appeal." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

In this case, Petitioner does not specify what issues his appellate counsel failed to raise on direct appeal. Thus, he has failed to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," Strickland, 466 U.S. at 690, and his ineffective assistance of appellate counsel claim fails to satisfy the first Strickland prong. Likewise, Petitioner has not satisfied Strickland's second prong, i.e., he has not shown how appellate counsel's alleged failure prejudiced the outcome of his direct appeal. Under these circumstances, habeas relief is not appropriate. See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting state petitioner's § 2254 claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

E.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253©.

_____s/_____
STANLEY R. CHESLER, U.S.D.J.

DATED:   October 20, 2005